# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: September 12, 2017

```
*  *  *  *  *  *  *  *  *  *  *  *  *
                                      *
SHANNON CHURCHWELL as Parent          *
and Legal Representative of her Minor Son,  *      UNPUBLISHED
R.C.B.,                               *
                                      *
                                      *      No. 14-798V
            Petitioner,               *
                                      *
v.                                    *      Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *      Attorneys' Fees and Costs;
AND HUMAN SERVICES,                   *      Petitioner's Out-of-Pocket Costs;
                                      *      Special Master's Discretion.
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Ramon Rodriguez, III, Sands Anderson PC, Richmond, VA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 2, 2014, Shannon Churchwell ("petitioner"), on behalf of her minor son R.C.B., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving diphtheria, tetanus, and acellular pertussis ("DTaP"); pneumococcal conjugate ("PCV-13"); haemophilus influenzae type B ("Hib"); pentavalent rotavirus ("RTQ"); polio ("IPV"); and seasonal influenza ("flu") vaccines on September 20, 2011, R.C.B. developed a seizure disorder. On February 7, 2017, the parties reached a stipulation recommending that compensation be awarded to petitioner, which I approved the following day. Stipulation Decision (ECF No. 41). Petitioner is therefore entitled

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

to an award of reasonable attorneys' fees and costs incurred in any proceeding on the petition. Section 300aa-15(e).

The parties filed a joint notice not to seek review and the Clerk of the Court entered judgment on the stipulation decision on February 9, 2017. (ECF Nos. 42, 43). Under Vaccine Rule 13(a), any request for attorneys' fees and costs was due no later than 180 days after the entry of judgment, or August 8, 2017. On August 7, 2017, petitioner filed an unopposed motion for extension of time to file a motion for attorneys' fees and costs. (ECF No. 47). The motion indicated that her attorney Ramon Rodriguez, III, formerly of the firm Rawls McNelis PC, transitioned to the firm of Sands Anderson PC on July 14, 2017. *Id.* Mr. Rodriguez had confirmed his continued representation of petitioner in this matter, was awaiting transfer of petitioner's file to his new firm, and needed additional time to prepare the motion for attorneys' fees and costs. *Id.* I granted the motion and extended the deadline to September 27, 2017. Order filed August 8, 2017 (ECF No. 48).

On September 11, 2017, petitioner filed her motion for attorneys' fees and costs. Petitioner's Motion (ECF No. 49). The motion requests payment of $5,993.46 to petitioner, representing her out-of-pocket expenses associated with obtaining medical records, postage, parking, and establishing guardianship over R.C.B. (ECF No. 49-2). Pursuant to General Order #9, the motion also includes a statement signed by petitioner and Mr. Rodriguez, delineating the costs borne by counsel and costs borne by petitioner and indicating that petitioner never paid a retainer to her counsel. (ECF No. 49-5).

The motion also requests $36,453.47 in attorneys' fees and costs for Rawls McNelis, PC and $3,813.90 in attorneys' fees and costs for Sands Anderson PC, for a total attorneys' fees and costs request of $40,267.37. Petitioner's Motion (ECF No. 49) at 9; *see also* (ECF Nos. 49-1; 49-3; 49-4). On September 11, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs. Respondent's Response (ECF No. 50). Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. *Id.* at 2. Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. This matter is now ripe for adjudication.

I have reviewed the motion for fees and costs and the supporting documentation. In my experience, the request generally seems reasonable. I find no cause to deny petitioner's requested out-of-pocket costs. Neither do I find it necessary to adjust petitioner's counsel's hourly rates, time expended, or costs.

Accordingly, I award the following:

1) **A lump sum in the amount of $5,933.46, representing reimbursement for petitioner's costs, in the form of a check payable solely to petitioner.**

**2) A lump sum in the amount of $40,267.37, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Ramon Rodriguez, III.[3]**

       In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

       **IT IS SO ORDERED.**

                                           **s/Thomas L. Gowen**
                                           Thomas L. Gowen
                                           Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.